NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 9, 2014[*]
Decided June 16, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1442

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District |
| | of Illinois. |
| *v.* | |
| | No. 3:11-cr-30068-SEM-BGC-1 |
| ANTHONY M. LYONS, | |
| *Defendant-Appellant.* | Sue E. Myerscough, |
| | *Judge.* |

### O R D E R

Anthony M. Lyons appeals his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He previously appealed his conviction for possession of a firearm as a felon as well as his sentence. We affirmed his conviction but, finding procedural errors in the sentence, we remanded for resentencing. *See United States v. Lyons,*

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

733 F.3d 777 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1779 (2014). At resentencing, the district court imposed the same sentence that it had imposed before: 210 months' imprisonment.

Lyons argues that the district court erred in sentencing him under the ACCA because the government did not allege the nature and fact of his prior convictions in the indictment or prove them beyond a reasonable doubt to a jury. He concedes, however, that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), *see, e.g.,* *United States v. Long*, 748 F.3d 322, 328–29 (7th Cir. 2014), *petition for cert. filed*, (U.S. May 14, 2014) (No. 13-10155), and so he merely seeks to preserve the issue for review in the Supreme Court. As Lyons also concedes, *Alleyne v. United States,* —— U.S. ——-, 133 S. Ct. 2151, 2155 (2013), did not overrule *Almendarez-Torres*'s exception for the fact of a prior conviction. *Id.* at 2160 n.1. We are bound by *Almendarez-Torres, Long*, 748 F.3d at 329, and leave to the Supreme Court whether to revisit that decision.

Accordingly, we note that Lyons has preserved his objection to application of the ACCA and **AFFIRM** his sentence.